UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| QUENNEL AUGUSTA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:16-cv-04115-SLD-JEH |
| ) | |
| KYLE WINBIGLER, GALESBURG ) | |
| POLICE DEPARTMENT, and JARED ) | |
| TAPSCOTT ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Before the Court are Defendants' motion to dismiss for failure to state a claim, ECF No. 13, and a Report and Recommendation that recommends partially granting the motion to dismiss, ECF No. 20. Also before the Court are Plaintiff Quennel Augusta's motion for status, ECF No. 19; his "motion to object," ECF No. 21; and a motion in letter form, ECF No. 25. For the following reasons, Defendants' motion is GRANTED IN PART and DENIED IN PART, the Report and Recommendation ADOPTED, and Plaintiff's motion for status MOOT. The motion to object is simply an objection, and, *qua* motion, MOOT. The final motion is DENIED.

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must make a record of all evidentiary proceedings, and must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object within fourteen days of being served with a copy of the recommended disposition. *Id.* 72(b)(2). The district judge then considers de novo the portions of the magistrate judge's recommended disposition that were properly objected to, and may accept, reject, modify the recommended disposition, or return it to the magistrate judge for further proceedings. *Id.* 72(b)(3). If no objection is made, or only partial objection, the

district judge reviews the unobjected portions for clear error only. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The magistrate judge reviewed the motion to dismiss, and made the following recommendations. The magistrate judge first divided Augusta's indistinct pleading into six expansively-construed claims for relief:

1) A Fourth Amendment privacy violation and Fourteenth Amendment due process violation for following Augusta about eight blocks before pulling him over;

2) A Fourth Amendment violation for making the stop itself without reasonable suspicion;

3) A Fourth Amendment violation for prolonging the stop unreasonably;

4) A Fourth Amendment violation of Augusta's reasonable expectation of privacy in his mouth for a warrantless search thereof;

5) A Fifth Amendment violation for taking his personal property without compensation;

6) A Fourth Amendment excessive force claim for allegedly choking Augusta while searching his mouth.

Rep. and Rec. ("R&R") 2–3. The magistrate judge recommended granting Defendants' request that all claims be dismissed against the Galesburg Police Department because it is not a municipal entity and because liability had not been sufficiently pleaded as to it in any case under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). R&R 4–5. He also recommended that Augusta's first claim be dismissed because there is no constitutional right not to be followed by the police, *id.* at 5–6; that the second claim not be dismissed because

Augusta alleged that he had not violated the law before being pulled over, *id.* at 6–7; that the third claim be dismissed because Augusta did not allege that the police had unreasonably prolonged the stop, *id.* at 7–8; that the fourth and sixth claims not be dismissed because Augusta had pleaded sufficiently that there was no probable cause to search his mouth and that the search was conducted with unreasonable force, *id.* at 10–11; and that the fifth claim be dismissed because the search of his mouth was not a "taking" within the meaning of the Fifth Amendment, *id.* at 10.

Augusta timely filed an objection.

The objection seems to indicate that Augusta wants to amend his claim against the Galesburg Police Department to comply with the requirements of *Monell*, but simply states that the City and County of Galesburg should be "more aware" of their officers' actions. Obj. 1. As the magistrate judge explained, Augusta's Complaint alleged no constitutional violations pursuant to an official policy or custom, R&R 4. The magistrate judge was correct, and Augusta's attempt to amend his claim in this respect fails, because he merely repeats platitudes about how the City and County should supervise their officers, without alleging any facts tending to suggest a policy or custom that led to the alleged violation of his constitutional rights. *See Bd. of Cty. Com'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 400 (1997) ("Congress did not intend to impose liability on a municipality unless *deliberate* action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights." (quoting *Monell*, 436 U.S. at 694)).

Next, Augusta appears to argue that because officers did not record the moments before they pulled him over, the magistrate judge erred in dismissing his claim that he was followed without suspicion, or that his right to due process of law was violated. Obj. 1. But as the

magistrate judge correctly explained, one does not have a right not to be followed by the police in public. *United States v. Jones*, 565 U.S. 400, 404 (2012). And the magistrate judge did not recommend that Augusta's claim for being stopped without reasonable suspicion be dismissed. And as the magistrate judge correctly explained when Augusta made the same argument, any potential violation of state law in failing to activate police cameras prior to effecting a stop does not give rise to a violation of due process rights under the United States Constitution. *See Dye v. Lennon*, No. 07-C-450, 2007 WL 2436852 *7 (E.D. Wis. Aug. 22, 2007), citing *Sandin v. Connor*, 515 U.S. 472, 478–83 (1995); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The rest of Augusta's Objection wanders irrelevantly into his concerns about corruption at the Knox County courthouse. As explained above, the objected portions of the magistrate judge's Report and Recommendation correctly adjudicated Augusta's claims. The unobjected portions are not clearly erroneous.

Augusta's final freestanding motion, ECF No. 25, requests "writeouts," "a big yellow envelope with a purchase stamp thats printed stamp," and an "ink pen to write with." Mot. Letter Form 1. The Court is not the proper entity to direct these requests to.

Accordingly, the magistrate judge's Report and Recommendation, ECF No. 20, is ADOPTED IN WHOLE, and Defendants' Motion to Dismiss, ECF No. 13, GRANTED IN PART and DENIED IN PART, as explained in the Report and Recommendation. His motion for status, ECF No. 19, is MOOT. The Objection, ECF No. 21, is DENIED, and insofar as it is a motion, MOOT. The motion in letter form, ECF No. 25, is DENIED.

Entered this 26th day of June, 2017.

                                                       s/ Sara Darrow
                                                       SARA DARROW
                                                       UNITED STATES DISTRICT JUDGE