IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| QUENNEL AUGUSTA,<br>　　Plaintiff,<br><br>v.<br><br>KYLE WINBIGLER, *et al.*,<br>　　Defendants. | Case No. 4:16-cv-04115-SLD-JEH |

### Order

Now before the Court is the Plaintiff's "Motion for Court to Demand Defendants Help to Transcripts Response to Defendants Interrogatories and Request to Produce to Plaintiff the Request Docu. Request for Discovery Extension Date and Time." (Doc. 35). The Motion is GRANTED IN PART and DENIED IN PART for the reasons set forth below.

In his Motion, the Plaintiff requests that Defendants: provide him a copy of the court transcripts in his case 16-CF-7, *People of the State of Illinois v. Augusta*; provide him pictures of Defendant Winbigler's patrol car (specifically its tinted windows); and provide him a street map of Galesburg, Illinois. The Plaintiff also requests an extension of the time to respond to Defendants' interrogatories and requests to produce and a subpoena for the Defendants to testify "just in case [he] may want to ask them questions!"

The Plaintiff's Motion is granted only insofar as he requests an extension of time to respond to the Defendants' discovery requests. Plaintiff must respond to their discovery requests by December 16, 2017. The Plaintiff's Motion is denied in all other respects for the following reasons.

Federal Rule of Civil Procedure 34 states, in relevant part:

> A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's *possession, custody, or control* . . . .

FED. R. CIV. P. 34(a)(1) (emphasis added). First, the Court does not have the authority to pay for a transcript from the Plaintiff's state court case. *See Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, at *1 (N.D. Ill. June 26, 1996) ("[T]his court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)"). This is also not a case in which the Plaintiff has a right to free copies of the requested transcript at the government's expense as he is not proceeding as an indigent in a criminal or habeas corpus proceeding or *in forma pauperis* on appeal in another type of proceeding. *See* 28 U.S.C. § 753(f) (detailing the circumstances under which the United States shall pay the fees for transcripts). Also, Defendants correctly point out that the Plaintiff's request that the Court order them to procure a copy of the transcript at their cost has no basis under Federal Rule of Civil Procedure 34.

Second, the Court will not order the Defendants to provide the Plaintiff photographs of Defendant Winbigler's patrol car or a street map of Galesburg given their representations that they do not possess the requested pictures of car windows or the street map. Moreover, the Court will not order Defendants to obtain such things where the Seventh Circuit has said, "[T]he fact that a party could obtain a document if it tried hard enough and maybe if it didn't try hard at all does not mean that the document is in its possession, custody, or control; in fact it means the opposite." *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427 (7th Cir. 1993). Additionally, the Defendants' point is well taken that the street

map is equally accessible to the Plaintiff by way of the same means they would use, i.e. Google Maps.

Third, and finally, the Plaintiff's request for subpoenas is denied as it is so underdeveloped as to preclude the Court from addressing it.

For the foregoing reasons, the Plaintiff's Motion is granted only insofar as the Plaintiff is granted an extension to December 16, 2017 to answer the interrogatories and requests to produce which Defendants propounded upon him on August 29, 2017, and the Motion is denied in all other respects.

*It is so ordered.*

Entered on November 16, 2017.

<u>s/Jonathan E. Hawley</u>
U.S. MAGISTRATE JUDGE